UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SUSAN HODGE,

          Plaintiff,

-vs-                                            Case No. 5:13-cv-62-Oc-10PRL

CLOSETMAID CORPORATION, a Florida
corporation, and CATHERINE BEAL, an
individual,

          Defendants.

_____

## **O R D E R**

This Fair Labor Standards Act case is before the Court for consideration of Defendants ClosetMaid Corporation's ("ClosetMaid") and Catherine Beal's Motion for Attorney's Fees and Costs (Doc. 26). The Defendants are seeking $41,449.00 in fees and $918.32 in costs. The Plaintiff has filed a combined response in opposition and motion to strike the motion for attorney's fees (Doc. 32), and the Defendants have filed a response to that motion (Doc. 33). Accordingly, all motions are now ripe for disposition. Upon due consideration, and for the reasons discussed below, the Court concludes that both motions are due to be denied.

## **Background & Facts**

Plaintiff Susan Hodge is a Licensed Practical Nurse, and was hired by ClosetMaid on November 2, 2006 as an Occupational Nurse at its Ocala, Florida headquarters. Ms.

Hodge remained in this position until ClosetMaid terminated her employment on August 29, 2012. Ms. Hodge contends that while employed by ClosetMaid, she was a non-exempt employee who routinely worked in excess of 40 hours in any given work week, without receiving overtime compensation.

Mr. Hodge initiated this case on January 17, 2013 by filing a two count Complaint against the Defendants in the County Court of the Fifth Judicial Circuit, in and for Marion County, Florida (Doc. 2). The Defendants removed the case to this Court on February 7, 2013, pursuant to 28 U.S.C. §§ 1331 and 1367 (Doc. 1). Ms. Hodge asserted two claims against the Defendants: (1) a claim for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"); and (2) a state law claim for unjust enrichment. Ms. Hodge sought unpaid overtime compensation, liquidated damages, compensatory damages, injunctive relief, and attorney's fees and costs.

The Defendants moved for summary judgment (Doc. 14), to which Ms. Hodge responded (Doc. 23). The 16-page motion for summary judgment consisted almost entirely of arguments that Ms. Hodge was exempt from the overtime provisions of the FLSA pursuant to the administrative exemption. See Doc. 14, pp. 1-15. The Defendants allocated only one paragraph to the unjust enrichment claim. See Id., p. 15. In that paragraph, the Defendants argued that "Hodge's unjust enrichment claim also fails on the merits because she has not shown she conferred any benefit upon either Defendant ClosetMaid or Beal for which she was not adequately compensated." Id. More specifically,

the Defendants argued that "Hodge bases her unjust enrichment claim solely upon her allegations that she was improperly classified as exempt under the FLSA. However, there is no evidence that Defendants ClosetMaid or Beal improperly classified Hodge as exempt." Id. (emphasis added).

On April 2, 2014, the Court granted the Defendants' motion for summary judgment as to both claims (Doc. 24). The 23-page Order focused almost exclusively on the application of the FLSA's administrative exemption to Ms. Hodge. The only discussion of the unjust enrichment claim came in the Conclusion section of the Order:

> Because the undisputed facts, taken in the light most favorable to Ms. Hodge, demonstrate that ClosetMaid has satisfied all three prongs of the administrative exemption, the Court finds as a matter of law that Ms. Hodge was an exempt employee and is not entitled to overtime compensation under the FLSA. The Court further finds that Ms. Hodge's unjust enrichment claim must fail – that claim is premised solely on the allegation that the Defendants failed to provide Ms. Hodge with overtime compensation (Doc. 2, ¶¶ 25-30). Because the Court has found that Ms. Hodge was not entitled to overtime compensation, it follows that she also did not confer a benefit upon the Defendants for which she was not properly compensated.

(Doc. 24, pp. 22-23).

Judgment was entered in favor of the Defendants and against Ms. Hodge on April 3, 2014 (Doc. 25). The Defendants timely filed their motion for attorney's fees and costs thereafter.

**Discussion**

The Defendants are not seeking attorney's fees under the FLSA.[1]  Rather, they cite to Fla. Stat. § 448.08, which provides that "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."  The Defendants argue that Ms. Hodge's state law unjust enrichment claim was really a claim under Florida common law for unpaid wages, and therefore they are entitled to their fees and costs under § 448.08.

In support, the Defendants cite to Short v. Bryn Alan Studios, Inc., 2008 WL 222319 at * 3 (M.D. Fla. May 28, 2008), in which my colleague Judge Moody noted while denying a Rule 12(b)(6) motion to dismiss, that "Florida law broadly construes wages within the meaning of § 448.08 to include all compensation paid by an employer for the performance of service by an employee."  Although Short also involved claims under the FLSA, Judge Moody did not address whether an employer who prevails on an FLSA claim may recover attorney fees under Fla. Stat. § 448.08 where the state law claim was subsumed within the decision on the federal claim and was not subject to any additional, independent analysis of fact or law.  The Defendants also cite to Sentinel Enters., Inc. v. Stankiewicz, 545 So. 2d 288, 289 (Fla. Dist. Ct. App. 1989), where a state court held that the entry of summary

---

[1] Any attempt to seek fees under the FLSA would fail in any event due to a lack of bad faith on the part of Ms. Hodge.  See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998) (noting that "this court has held that the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith").

judgment in favor of the defendant on a Florida common law claim for wages and breach of contract rendered the defendant a "prevailing party under section 448.08, Florida Statutes (1987), and is, therefore, entitled to attorney's fees."  Lastly, the Defendants reference Ultimate Makeover Salon & Spa, Inc. v. DiFrancesco, 41 So. 3d 335, 337-38 (Fla. Dist. Ct. App. 2010), a case involving claims under the Florida Minimum Wage Act and for unjust enrichment, in which the court held that an employer who prevails on a statute of limitations defense may recover fees under Fla. Stat. § 448.08.  Notably, both of the decisions awarding fees involved plaintiffs who asserted claims for unpaid wages solely under state law.

Ms. Hodge argues that the Defendants' motion should be stricken because they did not specifically plead for such relief in their Answer.  See Fed. R. Civ. P. 9(g); Perry v. Serenity Beavioral Health Systems, 2009 WL 1259367 (S.D. Ga. May 6, 2009).  This argument is without merit as the Defendants did, in fact, plead attorney's fees and costs in their Answer.  See Doc. 3, p. 8.

Ms. Hodge's next argument, however, is much more persuasive.  Ms. Hodge contends that at all times both sides recognized and acknowledged that her claims were for unpaid overtime compensation under the FLSA with respect to which the sole issue as to liability was whether she qualified as an administrative employee.  The Court agrees.  This case involved two claims: one under the FLSA and one under Florida common law.  As the Defendants noted in their notice of removal (Doc. 1, p. 2), the Court had original

federal question jurisdiction over the FLSA claim and only supplemental jurisdiction over the unjust enrichment claim.  It is undisputed that the Parties exclusively litigated this case as a claim for unpaid overtime compensation under the FLSA.  Both sides gave short shift to the unjust enrichment claim in their summary judgment papers;  the Defendants spent one paragraph discussing the claim, and Ms. Hodge did not discuss the claim at all in her response (Doc. 20).  Moreover, the Defendants acknowledged in their summary judgment motion that the unjust enrichment claim was based "solely upon her allegations that she was improperly classified as exempt under the FLSA." (Doc. 14, p. 15).  Indeed, the only way the Defendants can establish that they are prevailing parties on the unjust enrichment claim is to rely upon their arguments that Ms. Hodge was an exempt employee under the FLSA.  This Court agreed with those arguments and determined that Ms. Hodge was exempt under the administrative employee exemption pursuant to her FLSA claim.

In addition, nearly all of the Defendants' attorney's fees were incurred in the litigation and defense of Ms. Hodge's unpaid overtime claim under the FLSA.  Out of the 135.5 hours of attorney and paralegal time expended on this case, the Court has located only 1.1 hours allocated solely to the unjust enrichment claim.  (See Doc. 26, Ex. 1, p. 11).  Thus, it is abundantly clear that the Defendants litigated this case as an FLSA case (for which they are not seeking attorney's fees), and incurred only de minimus fees with respect to the unjust enrichment claim.  To now award the Defendants more than $41,000 in attorney's fees would be an unjust windfall in the extreme.  The Court will therefore exercise its

discretion afforded under Fla. Stat. § 448.08 to deny an award of fees and costs to the Defendants in this case.  Cf. Murray v. Playmaker Services, LLC, 548 F. Supp. 2d 1378, 1380-81 (S.D. Fla. 2008), aff'd, 325 Fed. Appx. 873 (11th Cir. May 8, 2009) (refusing to award attorney fees under Fla. Stat. § 448.08 where the majority of the plaintiff's claims were brought under the FLSA, and the case was resolved based on defenses raised under the FLSA).

## **Conclusion**

Accordingly, upon due consideration, the Motion for Attorneys' Fees and Costs of Defendants ClosetMaid Corporation and Catherine Beal (Doc. 26) is DENIED.  The Plaintiff's Motion to Strike (Doc. 32) is also DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of December, 2014.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record
            Maurya A. McSheehy